J-S39018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EBIASTO ECHAVARIA | |
| Appellant | No. 1984 EDA 2014 |

Appeal from the Judgment of Sentence July 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008736-2012

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:  **FILED AUGUST 21, 2015**

Ebiasto Echavaria appeals from the judgment of sentence of five to ten years' incarceration and five years' probation imposed on July 7, 2014, in the Court of Common Pleas of Philadelphia County.  A jury found Echavaria guilty of possession with intent to deliver controlled substances (PWID) and conspiracy to commit PWID.[1]  On appeal, Echavaria contends (1) the trial court erred in not permitting him to introduce evidence of his co-defendant's three prior convictions for drug dealing, (2) 18 Pa.C.S. § 7508, which establishes mandatory minimums for various drug trafficking offenses, is unconstitutional under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and (3) 18 Pa.C.S. § 7508 is wholly void and unenforceable under

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903, respectively.

*Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

*See* Echavaria's Brief at 2. Based on the submissions by the parties, certified record, and relevant law, we find no merit in Echavaria's first contention, but based on the second and third issues raised in this appeal, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the relevant facts of the case as follows:

On February 28, 2012, at approximately 7:15 p.m., Philadelphia Police Officer Richard Fitzgerald went to 241 W. Thayer Street to purchase narcotics. This was based on a tip from an unidentified source stating that the residents of this address sold pills, referred to as "blues." Upon knocking on the front door, Officer Fitzgerald was let into the residence by Angel Concepcion. Further inside the home the officer saw another individual who he identified as Mr. Garcia (a.k.a. Ebiasto Echavaria). Officer Fitzgerald told Concepcion he wanted blues and paid him with a pre-recorded $20 bill. Concepcion then handed Officer Fitzgerald eight blue pills that he retrieved from a white pill bottle on the dining room table. Following this exchange, officers applied for a search warrant for the residence.

On March 1, 2012, at approximately 4:40 p.m., Officer Fitzgerald returned to 241 W. Thayer Street. [Echavaria] answered the door and let him into the residence. Officer Fitzgerald again requested blues, which [Echavaria] produced from his person. Officer Fitzgerald exchanged another pre-recorded $20 bill for six pills. Upon completing the transaction, other officers from the narcotics field unit entered the home to execute the search warrant.

Officer Bryan Sumter led a team of six officers in their search of the residence. Officers recovered from the dining area of the home: marijuana, 38 oxycontin pills, 146 percocet pills, 52 xanax pills, a letter addressed to Mr. Concepcion, and a large quantity of unused plastic baggies. Officers recovered $408 from the second floor bedroom. At that time, Officer Richard Nicoletti found Concepcion in the basement, which appeared to be in use as a bedroom.

The pills and marijuana found at 241 W. Thayer Street were sent to the Philadelphia Police Department Chemistry Lab for identification. Neetu Jose, a forensic scientist, identified tablets as alprazolam, commonly known as Xanax. Mariamma Shegu, another forensic scientist, determined that the marijuana weighed less than 30 grams total. She also identified pills found at the residence as oxycodone and acetaminophen, commonly known as Percocet.

At trial, Officer Kevin Keys was introduced as a narcotics expert. He testified that, based on the totality of the evidence discovered at 241 W. Thayer Street, the narcotics were possessed with the intent to distribute. This opinion was based on the way the drugs were packaged, how they had been sold to Officer Fitzgerald, and the money found at the scene.

Trial Court Opinion, 12/12/2014, at 2-3 (record citations omitted).

On December 10, 2013, Echavaria proceeded to a jury trial with his co-defendant, Angel Concepcion, and was convicted as stated above.[2] **See** N.T. 12/13/2013, at 125-126. Following sentencing, Echavaria filed this appeal.[3]

Echavaria first challenges the trial court's denial of his motion *in limine* to permit evidence of Concepcion's prior criminal record. Our standard of review of the court's evidentiary ruling is as follows:

The admissibility of evidence is within the sound discretion of the trial court, wherein lies the duty to balance the evidentiary value of each piece of evidence against the dangers of unfair prejudice,

---

[2] Concepcion was found guilty of PWID and conspiracy to commit PWID, and was sentenced to five to ten years' incarceration for both offenses. **See** Commonwealth's Brief at 4 and n.1.

[3] Echavaria timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.

inflaming the passions of the jury, or confusing the jury. We will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion.

***Commonwealth v. Estepp***, 17 A.3d 939, 945 (Pa. Super. 2011) (citation omitted). Furthermore, we are guided by the following legal principles and Rules of Evidence.

Generally, "[e]vidence of a defendant's prior criminal activity is inadmissible to demonstrate his bad character or criminal propensity." ***Commonwealth v. Cox***, 115 A.3d 333, 337 (Pa. Super. 2015) (citation omitted). However, "'[p]rior bad acts' evidence may be admissible where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007), *appeal denied*, 956 A.2d 434 (Pa. 2008).

Pennsylvania Rule of Evidence 402 provides that generally, "[a]ll relevant evidence is admissible" and [e]vidence that is not relevant is not admissible." Pa.R.E. 402. 'Relevant evidence' means evidence having "any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Pa.R.E. 401. However, pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of … unfair prejudice[.]" Pa.R.E. 403. Rule 404 states, in pertinent part:

**(b) Crimes, Wrongs or Other Acts.**

(1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show

that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

Echavaria argues "the court erred in not permitting defense counsel to introduce evidence of [Concepcion's] three prior convictions for drug dealing, in an attempt to demonstrate to the jury that the drugs found in the house were actually possessed with the intent to deliver by [Concepcion], and not [Echavaria]." Echavaria's Brief at 11. Echavaria claims that the introduction of Concepcion's criminal record was admissible to his defense to show that it was Concepcion who "possessed all the drugs recovered from 241 West Thayer Street." *Id.* at 12. Specifically, he argues:

Even though [Echavaria] made a sale of Xanax pills to a police officer, he got them from his pocket and not from a white pill bottle on the kitchen table. The trier of fact may very well have believed that [Echavaria] is a casual user who sold his own drugs from his person (rather than being in a conspiracy with Concepcion) and evidence of Concepcion's prior convictions would have supported [Echavaria's] argument to the jury as to that defense theory.

*Id.* at 12.

In support of his contention that the trial court should have allowed evidence of his co-defendant's prior criminal history, Echavaria relies on *Commonwealth v. Thompson*, 779 A.2d 1195 (Pa. Super. 2001), *appeal*

- 5 -

*denied*, 790 A.2d 1016 (Pa. 2001). In ***Thompson***, this Court found reversible error where the defendant-passenger, Thompson, was precluded from presenting evidence that the driver of the vehicle, Jamal Bennett, had a prior criminal record for cocaine trafficking.[4] The ***Thompson*** Court analyzed the proffered evidence under Pennsylvania Rules of Evidence 402, 403, and 404(b). ***Id.*** at 1202. The ***Thompson*** Court explained the evidence was relevant "to demonstrate that [Bennett] constructively possessed the cocaine, not [Thompson]." ***Id.*** at 1202. This Court further reasoned that "the evidence [was] offered by a defendant to show that a third party, not charged with the crime in question actually committed the act." ***Id.*** at 1203. The ***Thompson*** Court opined: "[T]he concerns about a jury convicting Bennett for possession of cocaine with intent to deliver simply because he has been involved in cocaine trafficking in the past *are not*

---

[4] In ***Thompson***, as a result of a vehicle stop, police found cocaine and marijuana in the backseat of a vehicle where Thompson was seated as a passenger. The vehicle was owned and driven by Bennett. Thompson was arrested and charged with PWID, possession of cocaine, possession of drug paraphernalia for cocaine, possession of marijuana, and possession of drug paraphernalia for marijuana. Bennett was not charged with any drug offenses. Thompson was tried and convicted on all charges. Although Thompson conceded that the marijuana was his, he denied that the cocaine belonged to him. At trial, Thompson sought to introduce evidence of Bennett's prior criminal history relating to cocaine. Thompson argued that "his mere presence wasn't enough to establish constructive possession of the cocaine since the area where the cocaine was found was not in his exclusive control." ***Id.*** at 1199. On appeal, this Court reversed Thompson's judgment of sentence and remanded for a new trial, determining the trial court erred when it denied Thompson's request to introduce evidence of Bennett's prior criminal history of drug trafficking. ***Id.*** at 1203.

*present* since he was not charged with any drug-related crime arising out of the traffic stop of his vehicle, and he did not testify at trial." ***Thompson***, ***supra***, at 1202 (emphasis in original).

Here, in contrast, Echavaria and Concepcion are co-defendants. The trial court, in rejecting Echavaria's argument based upon ***Thompson***, aptly pointed out:

> In the instant case, Angel Concepcion was a co-defendant charged with the same criminal activity as [Echavaria]. Unlike in ***Thompson***, where there was no risk of prejudice to a defendant, the introduction of Concepcion's record would have certainly prejudiced the co-defendant. [Echavaria's] motion for the admission of prior criminal records invokes not only his right to present a defense, but Concepcion's right to be free from undue prejudice at trial. The ***Thompson*** court noted that Pa.R.E. 40[4](b) is "concerned only with prejudice to the defendant," meaning the danger of prejudice must be carefully weighed by trial courts when determining whether evidence is admissible.
>
> ****
>
> [Echavaria] sought to introduce evidence of prior crimes specifically "in an attempt to demonstrate to the jury that the drugs found in the house were actually possessed with the intent to deliver by the co-defendant, and not the defendant." [Echavaria's] Pa.R.A.P. 1925(b) Statement, 08/01/2014, at 1. ¶2. [Echavaria] seeks to introduce this evidence specifically for the purpose of showing that his co-defendant behaved in conformity with his prior crimes, which is precisely what the rule seeks to prevent. Furthermore, evidence of Concepcion's criminal record does not necessarily shed any light on the behavior of [Echavaria], and therefore such evidence has only slight probative value when compared to the danger of unfair prejudice against Concepcion.

Trial Court Opinion, 12/12/2014, at 6-7 (citations omitted).

We agree with the trial court's sound reasoning. In this regard, Echavaria's reliance on **Thompson** is misplaced, since **Thompson** did not involve the prior bad acts evidence of a co-defendant. Accordingly, we conclude the trial court did not abuse its discretion in excluding evidence of Concepcion's prior criminal record.

In his remaining arguments, Echavaria argues that his sentence imposed in accordance with mandatory minimum set out in 18 Pa.C.S. § 7508, is unconstitutional and illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013) and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

In **Alleyne v. United States**, 133 U.S. 2151 (2013), the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. Applying this mandate, our Courts have held that **Alleyne** renders unconstitutional mandatory minimum sentencing statutes that permit the trial court to increase a defendant's minimum sentence based upon a preponderance of the evidence standard. **See Commonwealth v. Hopkins**, ___ A.3d ___ [2015 WL 3949099] (Pa. 2015); **Newman**, **supra**.

Recently, in **Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), this Court held that 18 Pa.C.S. § 7508 was rendered unconstitutional under **Alleyne** and its provisions are non-severable.

***Vargas***, ***supra***, at 876-877 (citing ***Newman***, ***supra***, and ***Commonwealth v. Fennell***, 105 A.3d 13 (Pa. Super. 2014)). The Honorable Charles A. Ehrlich has astutely opined that "the mandatory minimum sentence imposed should be vacated and remanded for resentencing consistent with the rulings in ***Alleyne*** and ***Newman***." Trial Court Opinion, 12/12/2013 at 8. We agree. Therefore, we conclude there is no merit to Echavaria's challenge to the denial of his motion *in limine*, but vacate and remand for resentencing without imposition of the mandatory minimum sentence under 18 Pa.C.S. § 7508.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015